IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JUDY BELTRAN,

                Plaintiff,

      v.                                  Civil Action No.
                                        3:16-CV-0124 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                Defendant.

_____

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

LACHMAN, GORTON LAW FIRM      PETER A. GORTON, ESQ.
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089

FOR DEFENDANT:

HON. RICHARD S. HARTUNIAN       DAVID L. BROWN, ESQ.
United States Attorney for the         Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

# ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. § 405(g) are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on November 22, 2016, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: November 23, 2016
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------x
JUDY BELTRAN,

                         Plaintiff,

vs.                        3:16-CV-124

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                         Defendant.
------------------------------------x
```

Transcript of a **Decision** held on November 22, 2016, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

For Plaintiff:      LACHMAN, GORTON LAW FIRM
                    Attorneys at Law
                    P.O. Box 89
                    1500 East Main Street
                    Endicott, New York  13761-0089
                      BY:  PETER A. GORTON, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    Region II
                    26 Federal Plaza - Room 3904
                    New York, New York  10278
                      BY:  JOHANNY SANTANA, ESQ.

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1         (In Chambers, Counsel present by telephone.)
2         THE COURT: All right. I'll have to let that be
3 the last word. So I have a request for judicial review of an
4 adverse determination by the Acting Commissioner pursuant to
5 42 United States Code Section 405(g).
6         The background is as follows: The plaintiff was
7 born in May of 1961 is currently 55 years old. She lives in
8 an apartment apparently in Binghamton. She moved into this
9 area apparently from Queens, New York in November 2014. She
10 has a 10th grade education and did secure a GED. She has
11 worked as a bank teller and as an administrative assistant --
12 I'm sorry, she has taken courses to be a bank teller and
13 administrative assistant. She has two grown daughters. She
14 is morbidly obese, stands 62 inches at 245 pounds. She has a
15 history of gastric bypass surgery. She suffers from back
16 pain, reported bilateral knee pain, with osteoarthritis in
17 the right knee and meniscus tear and mild osteoarthritis in
18 her left knee.
19         She also suffers from a diagnosed mental condition,
20 the onset of which she identifies as occurring in 2007 when
21 she was arrested for drug possession and drug smuggling. She
22 received one year in jail, her father died, she lost her job,
23 her car, and her apartment.
24         Her condition has been variously diagnosed as
25 anxiety disorder, post-traumatic stress disorder, major

depressive disorder, severe with psychotic features.  She
suffers from insomnia and has a history of irrational fears.
She has been prescribed, among other things, Abilify and
Zoloft.

She has treated at the Montefiore Hospital before
her move to this area, with Dr. Virginia Contreras, with the
Family and Children Society beginning in May of 2015, with
Dr. Surya Toraty, and LCSW Esther McGurrin.  She last worked
in November of 2013 as a payroll clerk, she was also -- and a
scheduler, for a home care agency.  She was laid off.  She
collected Unemployment and looked for work until August 1,
2014.  She claims she is unable to work primarily due to
depression, that's at page 66 of the administrative
transcript.

Procedurally, plaintiff applied for Title 2
disability benefits on February 13, 2014 alleging an onset
date originally of November 22, 2013.  As counsel noted, it
was later amended to August 1, 2014.  The hearing was
conducted on May 26, 2015 by Administrative Law Judge Elias
Feuer, F-e-u-e-r.  On August 19, 2015, ALJ Feuer issued a
decision denying plaintiff's application for benefits.  That
became a final determination of the agency initially on
December 22, 2015 when the Social Security Administration
Appeals Council denied plaintiff's request for review, and
later on March 22, 2016, when the Appeals Council again

1  denied after considering additional information submitted by
2  the plaintiff.
3          In his decision, ALJ Feuer applied the well-known
4  five-step sequential test for determining disability.
5          At step 1, he concluded plaintiff had not engaged
6  in substantial gainful activity since her amended onset date.
7          At 2, he concluded that the plaintiff suffers from
8  severe impairments including lower back disorder and knee
9  disorder.  He did not find that she suffered from any mental
10 impairments that would limit her ability to perform
11 work-related functions at step 2.
12         At step 3, he concluded that plaintiff's conditions
13 did not meet or equal any of the listed presumptively
14 disabling conditions including Listing 1.02 and 1.04.  ALJ
15 Feuer then determined that plaintiff retains the residual
16 functional capacity to perform full range of sedentary work
17 except that she can only occasionally climb ramps and stairs,
18 balance, stoop, kneel, crouch, or crawl.
19         With that RFC finding, the ALJ concluded at step 4
20 that plaintiff is able to perform her past relevant work as
21 an intake worker, payroll clerk, administrative assistant,
22 and scheduler, with the assistance of vocational expert
23 testimony.
24         As you know, my role is limited.  The court's task
25 in this case is to determine whether the Commissioner's

1   determination resulted from the application of proper legal
2   principles and is supported by substantial evidence.
3               In this case, the first argument concerns the step
4   2 determination.  It is a de minimus showing that is
5   required, although plaintiff clearly has the burden of
6   demonstrating the existence of a condition that is severe as
7   defined in step 2.  The regulations say that an impairment or
8   combination of impairments is not severe if it does not
9   significantly limit your physical or mental ability to do
10  basic work activities.  That is 20 C.F.R. Section 404.1521.
11  Basic work activities include, among other things,
12  understanding, carrying out, and remembering simple
13  instructions, use of judgment, responding appropriately to
14  supervision, coworkers, and usual work situations and dealing
15  with changes in a routine work setting.
16              In this case, I do not believe that the
17  Commissioner's determination that plaintiff's mental
18  impairments do not constitute a severe limitation at step 2.
19  The -- even Dr. Shapiro at page 96 concludes that plaintiff's
20  ability to work in coordination with or proximity to others
21  without being distracted by them is moderately limited.  The
22  reports of LCSW McGurrin clearly reflect a significant
23  limitation, and at page 699 and 700 show marked and extreme
24  limitations in several areas.  ALJ -- I'm sorry, LCSW
25  McGurrin, although not an acceptable medical source, is a

1    treating source, and it's important, courts have stressed the
2    importance of treating opinions, particularly in mental
3    cases, because mental illness and conditions are difficult to
4    diagnose without subjective in-person examination.  And one
5    of the cases that finds that is *Dinapoli v. Commissioner*,
6    found at 2016 WL 1245002, Eastern District of New York 2016
7    at *9.
8            Dr. Contreras in his -- in her report, I'm sorry,
9    of September 2014 shows that plaintiff is depressed.  So I
10   don't think that the step 2 determination is supported by
11   substantial evidence.
12           And of course that carries through to a failure to
13   consider plaintiff's mental limitations as nonexertional
14   limitations in the step 4 finding.  The RFC finding does not
15   contain significant discussion of the effects of plaintiff's
16   mental condition on her RFC.  It's clear and the ALJ
17   acknowledged that applying the B criteria from the listings
18   does not translate over to an RFC assessment, and that
19   there's a need to have a detailed consideration of the
20   effects of mental conditions on ability to perform
21   work-related functions.  In this case there's no discussion
22   concerning that.  The LCSW McGurrin report is new and
23   material, it is inconsistent with the RFC finding, vastly
24   inconsistent, and I believe should have been considered by
25   the Appeals Council and as a matter of supporting remand.

1       I also agree with the plaintiff that the physical
2  components of the RFC are not supported.  There's not a
3  single medical source statement that supports the finding.
4  It appears to have been based, even though the ALJ says no,
5  it appears to have been based on the function-by-function
6  analysis of a single decision maker, Mr. Coulson, and
7  obviously the case law makes it clear that an ALJ cannot make
8  functional assessment based on a single decision maker
9  without supporting medical opinions.
10      And there is considerable question as to whether
11 the plaintiff is able to sit six out of eight hours a day
12 based on her back and knee pain.  This presents a gap in the
13 record and should have been filled by either recontacting
14 plaintiff's treating sources and requesting a medical source
15 statement or securing a consultative physical exam.  These
16 difficulties have tainted the step 4 analysis, and so I
17 conclude that the Commissioner's determination is not
18 supported by substantial evidence.
19      I know that plaintiff has requested a reversal and
20 remand for calculation of benefits only.  That is appropriate
21 only if there is persuasive proof of disability in the record
22 and a further development of the record would not serve any
23 purpose.  In this case, I cannot make that finding, and so I
24 will grant judgment on the pleadings to the plaintiff and
25 remand the matter to the Commissioner without a directed

1  finding of disability.
2          Thank you both for excellent presentations, and I
3  hope you have a wonderful Thanksgiving.
4          MR. GORTON:  Thank you, your Honor, and to you,
5  too.
6          MS. SANTANA:  Thank you, your Honor, to you as
7  well.
8              (Proceedings Adjourned, 11:30 a.m.)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
1       CERTIFICATE OF OFFICIAL REPORTER
2
3
4       I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5    Official Realtime Court Reporter, in and for the
6    United States District Court for the Northern
7    District of New York, DO HEREBY CERTIFY that
8    pursuant to Section 753, Title 28, United States
9    Code, that the foregoing is a true and correct
10   transcript of the stenographically reported
11   proceedings held in the above-entitled matter and
12   that the transcript page format is in conformance
13   with the regulations of the Judicial Conference of
14   the United States.
15
16                     Dated this 22nd day of November, 2016.
17
18
19                                  /S/ JODI L. HIBBARD
20                                  JODI L. HIBBARD, RPR, CRR, CSR
                                    Official U.S. Court Reporter
21
22
23
24
25
```

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547